IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

URSULA A. BAKER )
)
v. ) NO. 3-11-1001
) JUDGE CAMPBELL
SAM'S EAST, INC. )

MEMORANDUM

Pending before the Court is Defendant's Partial Motion to Dismiss (Docket No. 17). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff filed this action against her former employer for employment discrimination in violation of the Americans with Disabilities Act ("ADA"), Tennessee Human Rights Act ("THRA"), and Tennessee Handicap Act ("THA"). Plaintiff alleges that she is a qualified individual with a disability as defined in the ADA, THRA and THA. Plaintiff contends that she was demoted because of her disability. She filed a complaint with the Equal Employer Opportunity Commission ("EEOC") while still employed by Defendant, alleging disability discrimination and retaliation with regard to her demotion. Plaintiff asserts that Defendant thereafter fired her in retaliation for her EEOC complaint, in violation of federal and state law. Docket No. 1.

Defendant moves to dismiss Plaintiff's claims related to her firing for failure to exhaust administrative remedies. Defendant argues that Plaintiff's EEOC complaint covered only her demotion.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Before filing a lawsuit in federal court, an ADA plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *Chavez v. Waterford School District*, 720 F.Supp.2d 845, 852 (E.D. Mich. 2010); *Kepreos v. Alcon Laboratories, Inc.*, 2011 WL 4396974 at * 7 (N.D. Ohio Sept. 21, 2011) (failure to timely exhaust administrative remedies is an appropriate basis for dismissal of ADA action).

Defendant argues that Plaintiff's EEOC charge alleged unlawful conduct with regard to her demotion only. Plaintiff's employment had not been terminated at the time of her EEOC Complaint. Plaintiff's EEOC Complaint (Docket No. 18-1) alleges discrimination based upon disability and retaliation with regard to her demotion and reduction in pay.

A judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination. *Weigel v. Baptist Hospital of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002). Where facts related with respect to the charged claim would

2

Case 3:11-cv-01001 Document 31 Filed 02/22/12 Page 2 of 3 PageID #: 137

prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim. *Id.* Under this scope of investigation test, retaliation naturally grows out of any underlying substantive discrimination charge, making a retaliation claim foreseeable to defendants. *Id.*

Because retaliation claims, by definition, arise after the filing of the EEOC complaint, a plaintiff is not required to exhaust administrative remedies prior to urging a retaliation claim that grows out of an earlier administrative charge properly before the Court. *Nichols v. General Motors Co.*, 978 F.Supp.743, 746-47 (S. D. Ohio 1997). Here, Plaintiff's retaliation claim grows directly out of her administrative complaint which alleges both retaliation and disability discrimination. Plaintiff alleges that Defendant fired her for filing that administrative complaint. She could not have alleged the resulting termination in her EEOC complaint because it had not yet occurred.

For these reasons, the Court finds that Plaintiff's retaliation claim related to her firing is not barred by a failure to exhaust administrative remedies. Accordingly, Defendant's Motion to Dismiss Plaintiff's termination claims is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

3

Case 3:11-cv-01001    Document 31    Filed 02/22/12    Page 3 of 3 PageID #: 138